IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 6:25-CR-118 |
| | § | BARKER/LOVE |
| DIXITKUMAR KISHORBHAI PATEL (23) | § | |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

The United States of America moves the Court to order Defendant **Dixitkumar Kishorbhai Patel** detained pending trial, and requests that a detention hearing be held within three days of Defendant's initial appearance in the Eastern District o Texas, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this motion, the Government states as follows:

**INTRODUCTION**

Defendant is charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Because the defendant has no ties to the Eastern District of Texas, is not lawfully present in the United States, frequently travels interstate in furtherance of the scheme to defraud, and is facing both a significant period of incarceration in the event of his conviction and deportation, the case involves a serious risk that Defendant will flee. Further, there is no condition or combination of conditions that will reasonably assure his future appearance and the safety of the community, and Defendant should be detained pending trial.

**LEGAL STANDARD**

Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. §

3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

**ARGUMENT**

As explained below, there is a serious risk that Defendant will flee if not detained pending trial, and there is no condition or combination of conditions that will reasonably assure his appearance and the safety of the community.

Defendant has no ties to the Eastern District of Texas. Defendant's driver's license lists an address in Chicago, IL. The Defendant is not a United States citizen and entered the United States unlawfully. His deportation is a virtual inevitability, either upon his release should he be placed on bond or upon his completion of any federal sentence imposed subsequent to his conviction. Defendant faces profound, life-altering consequences as a result of this prosecution and has significant incentives to flee.

The very nature of the charged offense demonstrates the serious risk that Defendant poses a serious risk of flight flee. Defendant's role in this conspiracy required his frequent travel throughout the United States for the purpose of picking up gold and currency from victims of this international elder fraud scam. Defendant was apprehended while retrieving gold from a fraud victim in the Eastern District of Missouri. The driver of Defendant's vehicle indicated that he had driven Defendant to perform similar pickups from victims located in Indiana, Illinois, Michigan, Missouri, Wisconsin and possibly Ohio and Iowa. Defendant was personally responsible for

retrieving fraud proceeds from victims in different states on these occasions, resulting in substantial victim losses.

As indicated in the Indictment charging Defendant, Defendant fraudulently posed as a representative of the Federal Reserve in order to deceive the victim into handing over the gold. The Defendant is willing to impersonate a quasi-Governmental agent in order to dupe his victims into handing over their life savings, demonstrating his disregard for governmental authority and making him even yet more of a serious risk of flight.

Further, Defendant poses an ongoing danger to the community. Defendant's driver estimated he had performed more than 10 pickups. Defendant began his conduct with this particular driver at least as early as November 2025. Defendant was apprehended on April 23, 2026, which means that in the past six months, Defendant has engaged in at least 10 in person pickups from victims. Significantly, Defendant is interacting face-to-face with these victims. He is not sitting in a call center overseas – he is the individual engaging in direct victim contact, and he made explicit, in person misrepresentations to victims.

Defendant's incentive to flee is heightened by his substantial sentencing exposure in this matter. Gold bar scams like those in which Defendant is presently charged typically have losses well over $60 million, losses caused exclusively to elderly and vulnerable victims. Because of the numerous sentencing enhancements that apply in cases in which the victims are vulnerable, the loss is substantial, and a large part of the scheme is conducted overseas, Defendant is likely to face a Guidelines imprisonment range of Defendant has been charged with a multi-million dollar fraud conspiracy and faces a substantial prison sentence in the event of his conviction. The likelihood of a lengthy prison sentence—combined with Defendant's utter lack of binding ties to this district—demonstrates his incredible motivation to flee.

The evidence against the Defendant is overwhelming. *See* 18 U.S.C. § 3142(g)(2). This includes, but is not limited to, the FBI's direct observation of Defendant defrauding an elderly victim, a recording of Defendant's conversation with that victim, in which Defendant falsely represented that he was a representative of the Federal Reserve, and the statements of Defendant's own driver, who indicated how many previous pickups Defendant had performed. The United States also intends to seek a search warrant for Defendant's mobile telephone, which will likely contain his communications with co-conspirators, thus tying him to yet more victim pickups. Further, Defendant recruited his driver to participate in this scheme and conspiracy, thus showing his managerial role.

Defendant's history and characteristics necessitate his detention. *See* 18 U.S.C. § 3142(g)(3). Defendant has significant ties outside of the United States, specifically, in India, the location of the call center at which this scam originates. Defendant is not a citizen and has ample motivation to flee to his country of origin.

In sum, the totality of the relevant factors set forth in Section 3142(g) demonstrate that Defendant presents a serious flight risk and that there is no condition or combination of conditions that will reasonably assure his appearance in the future.

WHEREFORE, the Government requests that the Court hold a detention hearing within three days of Defendant's initial appearance in the Eastern District of Texas and, following such hearing, order that Defendant be detained pending trial.

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ Emil Melchior Mikkelsen*
EMIL MELCHIOR MIKKELSEN
Assistant United States Attorney
Texas Bar No. 24092833
110 N. College, Suite 700
Tyler, Texas 75702
Phone: (903) 590-1400
Fax: (903) 590-1439
Email: emil.mikkelsen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all Counsel of Record.

*/s/ Emil Melchior Mikkelsen*
EMIL MELCHIOR MIKKELSEN